```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES STANLEY                    :        CIVIL ACTION
                                 :
        v.                       :
                                 :
JON D. FISHER, et al.            :        NO. 11-3040
```

ORDER

AND NOW, this 24th day of September, 2012, upon consideration of petitioner James Stanley's ("Stanley") May 5, 2011 pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), Stanley's revised habeas petition (docket entry # 3), our June 17, 2011 Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 4), Stanley's November 3, 2011 motion for discovery (docket entry # 13), Judge Sitarski's February 27, 2012 report and recommendation (docket entry # 16), and Stanley's objections to Judge Sitarski's report and recommendation (docket entry # 20), and the Court finding that:

(a)  Stanley appears to raise three objections to the report and recommendation: (1) he objects to the recommendation that the Court dismiss claim 8, a fair cross section claim, as time-barred, J. Sitarski's Report & Recommendation ("R & R") at 11-13, 15-19, Pet. Resp. at 2-4; (2) he objects to the recommendation that the Court deny his discovery request relating

to claim 8, R & R at 26-28, Pet. Resp. at 6-7; and (3) in light of Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), he disputes the conclusion that he has procedurally defaulted as to his claims of ineffective assistance of trial counsel by failing to raise these claims on direct or collateral review, R & R at 22-25, Pet. Resp. at 4-5;

  (b) As to whether claim 8 is time-barred, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limit on filing habeas petitions, see 28 U.S.C. § 2244(d)(1);

  (c) In this case, that time period began to run on May 7, 2008, upon "conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), see R & R at 12, and so Stanley was required to submit his habeas petition before May 7, 2009;

  (d) With 318 days remaining in the limitations period, Stanley submitted a pro se Post Conviction Relief Act ("PCRA") petition in Pennsylvania state court on June 23, 2008, R & R at 12, and under AEDPA, an application for state post-conviction relief tolls the limitations period for filing a habeas petition, 28 U.S.C. § 2244(d)(1);

(e) The Supreme Court of Pennsylvania denied Stanley's PCRA petition on August 23, 2010, and the limitations period for the federal habeas claim recommenced, obliging Stanley to submit a petition by July 7, 2011;

(f) Stanley filed both his original habeas petition and his revised petition within the limitations period, on May 5, 2011 and June 7, 2011, respectively, but he did not assert a fair cross section claim until November 3, 2011, after the limitations period had run;

(g) Our Court of Appeals has held that a habeas petitioner may amend a petition in order to "clarify a claim initially made", United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999), but he may not raise "an entirely new claim or theory of relief" after the limitations period has expired, United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000);

(h) Petitioner argues that the Court should hear his fair cross section claim because it relates back to the claim alleging a violation of the prohibition on race-based peremptory challenges recognized in Batson v. Kentucky, 476 U.S. 79 (1986)that petitioner asserted in his timely-filed habeas petition;

(i) Fed. R. Civ. P. 15(c)(1)(B) lays out the standard for "relation back," providing that a party may bring a new claim that would otherwise be time-barred if the claim "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading";

(j) The Supreme Court has construed 15(c)(1)(B) in the habeas context as permitting filing of a new claim after the limitations period has elapsed only if the new claim and the original petition "state claims that are tied to a common core of operative facts," Mayle v. Felix, 545 U.S. 644, 664 (2005);

(k) A new claim will not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," id. at 650;

(l) In his timely-filed petition, Stanley alleged that his PCRA counsel failed to raise a claim under Batson v. Kentucky, 476 U.S. 79 (1986), June 7 Appl. at 15 (a), and that such a claim was warranted because an allegedly biased juror was selected despite the Court's knowledge of his bias, and "[t]he only reason the . . . alternate was not used was because the alternate was a black juror", May 5 Appl. 6;

(m) Stanley argues that his fair cross section claim relates back to his Batson claim because "both claims arose out of

the same conduct; that being, the composition of the jury," Pet. Resp. at 3;

(n) Judge Sitarski, anticipating this argument, maintains that although Batson claims and fair cross section claims both "concern race and juries," they "arise from entirely separate factual circumstances and create distinct claims for relief", R & R at 19;

(o) As Judge Sitarski explains, fair cross section claims "differ in both time and type", Mayle, 545 U.S. at 650, from Batson claims because the fair cross section requirement relates to defendants' Sixth Amendment rights and concerns the composition of the jury venire, rather than that of a particular petit jury, while the Court in Batson addressed the composition of petit juries and grounded the ban on racially discriminatory peremptory challenges in the Equal Protection Clause, R & R at 19 n. 9;

(p) We find Judge Sitarski's reasoning persuasive, and we reach the same conclusion as she with regard to Stanley's fair cross section claim: the claim does not relate back to the timely-filed Batson claim under the standard set forth in Mayle, and because the claim was filed after the AEDPA limitations period had elapsed, it is barred;

5

(q) Stanley also objects to Judge Sitarski's recommendation that his November 3, 2011 discovery request be denied, R & R at 26-28, Pet. Resp. at 6-7;

(r) In his November 3, 2011 request, Stanley sought discovery to support his fair cross section claim, Nov. 3 Mot. at 5;

(s) As the Supreme Court explained in Bracy v. Gramley, 520 U.S. 899 (1997), under Rule 6 of the Rules Governing Section 2254 Cases, "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," Bracy, 520 U.S. at 904;

(t) Instead, discovery is appropriate only if the habeas petitioner offers "specific allegations" to suggest that "if the facts are fully developed," he will be "entitled to relief" Bracy, 520 U.S. at 909 (quoting Harris v. Nelson, 394 U.S. 286, 295 (1969));

(u) Because Stanley seeks discovery in order to support his fair cross section claim, which is time-barred, no amount of factual development will entitle him to relief, and so he has not met the standard for discovery by a habeas petitioner;

(v) We therefore agree with Judge Sitarski that his motion for discovery should be denied;

(w) Finally, Stanley objects to Judge Sitarski's recommendation that claims 1-7 be dismissed as procedurally defaulted, R & R at 23-25, Pet. Resp. at 4-5;

(x) Stanley argues that under <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012), a prisoner may establish cause for default of an ineffective assistance of trial counsel claim by showing inadequate assistance of post-conviction counsel;

(y) Judge Sitarski issued the R & R on February 27, 2012, before the Supreme Court decided <u>Martinez</u>, and in the R & R, Judge Sitarski cites the <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) line of cases for the proposition that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause'", <u>Maples v. Thomas</u>, __ U.S. __, 132 S. Ct. 912, 922 (2012) (citing <u>Coleman</u>, 501 U.S. at 753);

(z) The Supreme Court in <u>Martinez</u> recognized a narrow exception to <u>Coleman</u>: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," <u>Martinez</u>, 132 S. Ct. at 1315;

(aa) Of the seven claims Judge Sitarski found procedurally defaulted, three - claims 2, 4, and 5 - concerned ineffective assistance of trial counsel, and so it appears that

7

petitioner objects to the procedural default finding with regard to these claims; and

(bb) Because Judge Sitarski issued this report and recommendation before the Supreme Court decided <u>Martinez</u>, we will remand the petition so that Judge Sitarski may consider whether, in light of <u>Martinez</u>, petitioner has procedurally defaulted his ineffective assistance of trial counsel claims;

It is hereby ORDERED that:

1. With regard to the treatment of claims 2, 4, and 5 in Section III.B of Judge Sitarski's February 27, 2012 report and recommendation (docket entry # 16), we REMAND for reconsideration in light of <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012); and

2. The remainder of Judge Sitarski's report and recommendation (docket entry # 16) is APPROVED and ADOPTED.

BY THE COURT:


__\s\Stewart Dalzell